# Exhibit A

FILED: KINGS COUNTY CLERK 11/28/2022 01:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 534532/2022
RECEIVED NYSCEF: 11/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

JAHMEYLIA GLASGOW,

                Plaintiff,

- against -

HOME DEPOT U.S.A, INC.,

                Defendant.

---------------------------------------------------------------X

Index No.:

**SUMMONS**

The basis of venue is:
Plaintiff's Residential Address

**To The Above Named Defendant:**

      **YOU ARE HEREBY SUMMONED** and required to serve an Answer to the attached Complaint upon Plaintiff's Attorney at the address listed below. If this Summons was personally served upon you in the State of New York, the Answer must be served within twenty (20) days after such service of the Summons excluding the date of service. If the Summons was not personally served upon you in the State of New York, the Answer must be served within thirty (30) days after service of the Summons is completed. Upon your failure to timely serve an Answer to the attached Complaint within the time limitations noted above, a judgment may be entered against you, by default, for the relief demanded in the Complaint.

DATED:    Lake Success, New York
               November 28, 2022

                          J.S. FRITZSON LAW FIRM, P.C.

                          JOSEPH S. FRITZSON, ESQ.
                          *Attorneys for Plaintiff*
                          JAHMEYLIA GLASGOW
                          1979 Marcus Avenue, Suite 210
                          Lake Success, New York 11042
                          (631) 676-7676

TO:    HOME DEPOT U.S.A, INC., 2455 Paces Ferry Road, Atlanta, Georgia 30339; 80 State Street, Albany, New York 12207

FILED: KINGS COUNTY CLERK 11/28/2022 01:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 534532/2022
RECEIVED NYSCEF: 11/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
JAHMEYLIA GLASGOW,

                      Plaintiff,

- against -

HOME DEPOT U.S.A, INC.,
                      Defendant.
-------------------------------------------------------------------x

Index No.:

**VERIFIED COMPLAINT**

Plaintiff JAHMEYLIA GLASGOW, by and through her attorney, Joseph S. Fritzson, Esq., for her Complaint, hereby alleges the following:

### THE PARTIES

1. Plaintiff JAHMEYLIA GLASGOW is a resident of the State of New York, County of Kings.

2. Upon information and belief, Defendant HOME DEPOT U.S.A, INC. is a foreign business corporation, organized under the laws of the State of Delaware, that operates a place of business located at 579 Gateway Drive, Brooklyn, New York 11239.

### VENUE AND BACKGROUND

3. Venue in the county of Kings is proper because it is the county in which Plaintiff resides.

4. The events giving rise to this action involve Defendant's discrimination of Plaintiff as well as engagement in other civil wrongs.

5. Plaintiff JAHMEYLIA GLASGOW is a resident of the State of New York, County of Kings and was an employee of Defendant HOME DEPOT U.S.A, INC.

6. Defendant HOME DEPOT U.S.A, INC. is a foreign business corporation, organized under the laws of the State of Delaware, that operates a place of business located at 579 Gateway Drive, Brooklyn, New York 11239.

### FACTUAL BACKGROUND RELEVANT TO PLAINTIFF'S CAUSES OF ACTION

7. In or about March 2022, Plaintiff was employed by Defendant as a cashier at Defendant's retail store located at 579 Gateway Drive, Brooklyn, New York 11239.

8. After a few months into her employment, Plaintiff began experiencing undue harassment at the hands of her coworkers and superiors. Michael, a parking lot associate, stated to Plaintiff that he "would love to taste that young thing" and "wishes [he] was in them pants" and "that young pussy has no smell." Another coworker, Ramses, at one point stated to Plaintiff, in front of other coworkers, that she "[has] a bump on [her] lips, [she] must suck some good penis."

9. There was also an incident in which Plaintiff spoke with Ricky, an operations manager, about working additional hours at the store. In response, Ricky asked what Plaintiff was willing to do in order to get ahead and insinuated that if Plaintiff was to treat him right, Ricky would treat her right. At a separate point, Ricky saw Plaintiff walking and commented that she was "looking right in them pants and one go around with [him] and [Plaintiff] might come up in the company."

10. In addition to being subjected to harassment based upon her gender, Plaintiff experienced sexual orientation harassment as well. During the month of July 2022, Ricky informed Plaintiff that she should reconsider her sexuality because, as Ricky put it, "it is a sin to love another woman" and that Plaintiff would be going to hell for being gay. Ricky also stated that "G-d won't accept you for [being gay]" and that "dick is better anyway." On a separate occasion, another employee, John, asked Plaintiff if her family accepted her for being gay and if she was a "dyke or fem," enjoyed the use of dildos, and "takes it in [her] ass."

11. The unwarranted harassment and bullying experienced by Plaintiff caused her to rush to the employee bathroom and/or her home to cry on multiple occasions.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Gender and Sexual Orientation Discrimination and Hostile Work Environment under**

FILED: KINGS COUNTY CLERK 11/28/2022 01:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 534532/2022
RECEIVED NYSCEF: 11/28/2022

### Title VII of the Civil Rights Act of 1964)

12. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

13. Title VII of the Civil Rights Act of 1964 establishes that it is an unlawful employment practice for an employer to discriminate against any individual with respect to terms, conditions, and/or privileges of employment because of such individual's sex and sexual orientation.

14. Further, the Courts have held that an employer can be held liable for fostering a hostile work environment under Title VII where the harassment experienced is sufficiently severe or pervasive enough to alter the conditions of an individual's employment and create an abusive working environment.

15. In the subject matter, Plaintiff was undoubtedly discriminated against in regards to the terms, conditions, and privileges of her employment. Plaintiff was sexually harassed for being a woman on numerous occasions and bullied for her sexual orientation as one employee told her that she would be going to hell for being gay. The remarks and comments of Defendant's employees, solely made due to Plaintiff's gender and sexual orientation, negatively altered the terms, conditions, and privileges of Plaintiff's employment as she was unable to work in peace and without any unwarranted harassment.

16. Further, through the aforementioned harassment and bullying, it is evident that Defendant, indeed, fostered a hostile work environment as the experienced harassment was so severe and pervasive that Plaintiff, on several occasions, rushed to the employee restroom and/or her home so she could cry.

17. Based upon the continuous discrimination experienced by Plaintiff, due to her gender and sexual orientation, as well as the hostile work environment she experienced due to the

aforementioned discrimination, it is clear that Defendant intentionally discriminated against Plaintiff in terms, conditions, and/or privileges of employment in violation of Title VII of the Civil Rights Act of 1964.

18. As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, Plaintiff suffered, and continues to suffer, severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses for which she is entitled to an award of compensatory damages.

## AS AND FOR A SECOND CAUSE OF ACTION
(Harassment and Hostile Work Environment under New York Executive Law §296)

19. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20. Under New York Executive Law §296 *et seq.*, it is an unlawful employment practice for an employer to create or condone a workplace that is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive enough to alter the conditions of an employee's employment and create an abusive working environment.

21. Based upon the conduct described above, it cannot be denied that Defendant both created and condoned a workplace that was permeated with discriminatory intimidation, ridicule, and insult. The inappropriate comments made about Plaintiff and her gender and sexual orientation significantly altered the conditions of her employment as she experienced significant emotional distress from the aforementioned comments.

22. Through the insensitive and unwarranted conduct of Defendant's employees, Defendant both harassed Plaintiff and created a hostile work environment in violation of New York Executive Law §296 *et seq.*

23. As a direct and proximate result of Defendant's violation of New York Executive Law

§296 *et seq.*, Plaintiff suffered, and continues to suffer, severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses for which she is entitled to an award of compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION
(Harassment and Hostile Work Environment under Administrative Code of the City of New York §8-107)

24. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

25. Under Administrative Code of the City of New York §8-107 *et seq.*, a hostile work environment exists where an employee was treated less well than other employees due to the existence of a relevant characteristic.

26. Defendant's conduct clearly and unequivocally shows that Plaintiff was treated less well than other employees due to her gender and sexual orientation as she was constantly subjected to unwarranted, offensive, and hurtful statements

27. Through the conduct exhibited by Defendant's employees, it is clear that Defendant created a hostile work environment in violation of the Administrative Code of the City of New York §8-107 *et seq.*

28. As a direct and proximate result of Defendant's violation of the Administrative Code of the City of New York §8-107 *et seq.*, Plaintiff suffered, and continues to suffer, severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses for which she is entitled to an award of compensatory damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Discrimination based upon Gender and Sexual Orientation under New York Executive Law §296)

29. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30. Pursuant to New York Executive Law §296 *et seq.*, it is an unlawful discriminatory practice for an employer, because of an individual's gender and sexual orientation, to discriminate against such individual in terms, conditions, or privileges of employment.

31. It is clear that Plaintiff experienced discrimination in terms, conditions, and/or privileges of employment on the basis of her gender and sexual orientation. Defendant's employees consistently made comments towards Plaintiff that targeted her gender and sexual orientation and the aforementioned conduct greatly affected the conditions and privileges of her employment, as she experienced immense emotional distress in the workplace that caused her to cry on several occasions.

32. Through the actions and comments of Defendant's employees, Defendant discriminated against Plaintiff in terms, conditions, and/or privileges of employment in violation of New York Executive Law §296 *et seq.*

33. As a direct and proximate result of Defendant's violation of New York Executive Law §296 *et seq.*, Plaintiff suffered, and continues to suffer, severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses for which she is entitled to an award of compensatory damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Discrimination based upon Gender and Sexual Orientation under Administrative Code of the City of New York §8-107)

34. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. The Administrative Code of the City of New York §8-107 *et seq.* clearly states that it is an

unlawful discriminatory practice for an employer or an employee, because of the actual or perceived gender and sexual orientation of any person, to discriminate against such person in terms, conditions, and/or privileges of employment.

36. As discussed above, Plaintiff, based upon her gender and sexual orientation, was subjected to continuous harassment and discriminatory working conditions and privileges by both her peers and superiors as sexually explicit and offensive statements were frequently directed at her.

37. Based upon the above discrimination and inequitable and disparate treatment due to Plaintiff's gender and sexual orientation, Defendant discriminated against Plaintiff in terms, conditions, and/or privileges of employment in violation of Administrative Code of the City of New York §8-107 *et seq.*

38. As a direct and proximate result of Defendant's violation of Administrative Code of the City of New York §8-107 *et seq.*, Plaintiff suffered, and continues to suffer, severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses for which she is entitled to an award of compensatory damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

39. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. Defendant, through its employees' comments, engaged in conduct that was extreme and outrageous so as to exceed any and all bounds of decency in a civilized society.

41. Defendant knew, or should have known, that the sexually inappropriate comments made towards Plaintiff would subject her to emotional distress, mental anguish, shame, disgrace, ridicule, loss of standing in the business community, and irreparable harm to his professional and

community reputation.

42. Through the actions of Defendant's employees, Defendant intended to and/or recklessly caused Plaintiff to suffer significant emotional distress.

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered, and continues to suffer, severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses for which she is entitled to an award of compensatory damages.

**WHEREFORE**, Plaintiff JAHMEYLIA GLASGOW demands judgment against Defendant HOME DEPOT U.S.A, INC. as follows:

A. An award of damages to compensate Plaintiff for lost wages and emotional distress and mental anguish suffered as a result of Defendant's unlawful conduct in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Reasonable attorneys' fees, expenses, costs, and disbursements; and

D. Such other and further relief as the Court may deem to be just and equitable.

DATED: Lake Success, New York
November 28, 2022

J.S. FRITZSON LAW FIRM, P.C.

JOSEPH S. FRITZSON, ESQ.
*Attorneys for Plaintiff*
JAHMEYLIA GLASGOW
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676

TO: HOME DEPOT U.S.A, INC., 2455 Paces Ferry Road, Atlanta, Georgia 30339; 80 State Street, Albany, New York 12207

## VERIFICATION

STATE OF NEW YORK  :)
                                SS.:
COUNTY OF NASSAU  :)

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states that the affirmant is the attorney of record for Plaintiff in the within action; has read the foregoing Verified Complaint and knows the contents thereof; the same is true to the affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, affirmant believes them to be true.

This verification is made by affirmant and not by Plaintiff as Plaintiff's residential address is outside of the county where the affirmant's office is located.

The source of affirmant's knowledge and the grounds for belief as to those matters stated to be alleged on information and belief are investigations which have been made concerning the subject matter in this action and records of Plaintiff, which are in possession of said attorney.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

DATED:    Lake Success, New York
                November 28, 2022

_____
JOSEPH S. FRITZSON, ESQ.